USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Hugo Javier Mendoza-Ubillus,

*Defendant.*

**Protective Order**

**21 Cr. 273 (VEC)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved

ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

    (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (b) Prospective witnesses for purposes of defending this action;

    (c) Such persons as may be authorized by the Court.

5. Sensitive disclosure material shall be disclosed to the same parties as general disclosure material; however, defense counsel must retain sole possession of sensitive disclosure material. Certain portions of sensitive disclosure material that would identify particular witnesses and third parties may be produced in redacted form. Defense counsel may permit personnel for whose conduct counsel is responsible to retain temporary possession of

sensitive disclosure material for the purpose of allowing the defendant to review sensitive disclosure material outside the presence of defense counsel.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. As may be appropriate: If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. This Order places no restriction on a defendant's use or disclosure of (1) ESI that originally belonged to that defendant; (2) the defendant's own criminal history; and (3) the defendant's own consent forms.

10. If there is a dispute as to the Government's designation of particular discovery as sensitive disclosure material, the parties shall meet and confer without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its sensitive designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of Disclosure Material as sensitive disclosure material shall be controlling.

### Retention of Jurisdiction

11. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


SO ORDERED:

Dated: New York, New York
        May 25 2021

_____
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE